Edward Burns, Esq. (SBN 201913)
Lisa Reichenthal, Esq. (SBN 179836)
BURNS & SCHALDENBRAND
509 North Coast Highways
Oceanside, California 92054
Telephone (760) 453-2189
Facsimile (760) 453-2194
ewburns@bsrlawyers.com

Attorneys for Plaintiff, Wheel Pros, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEEL PROS, LLC, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR FEDERAL AND STATE TRADEMARK INFRINGMENT AND UNFAIR COMPETITION** |
| TIS INDUSTRIES, LLC., and DOES 1-25; | **DEMAND FOR JURY TRIAL** |
| Defendants | |

Plaintiff  Wheel Pros LLC ("Wheel Pros") alleges against Defendants TIS
INDUSTRIES, LLC., ("TIS") and DOES 1 – 25 (collectively, "Defendant" or
"Defendants") as follows:

## INTRODUCTION

1.      This action is brought to recover damages and for injunctive relief arising
under the trademark laws of the United States and related state laws, and this Court has
original jurisdiction of the subject matter for each of the following claims:

--------------------------------------------------------------------------------- 1---------------------------------------------------------------------------------

**COMPLAINT**

b.      Trademark infringement in violation of the *Lanham Act*, 15 U.S.C §
1051 *et. seq.*, with jurisdiction vested in this Court by virtue of 15 U.S.C. §§1121, and 28
U.S.C § 1331, 1332 and 1338(a).

c.      Trademark  infringement in violation of state common law with
jurisdiction vested in this Court by virtue of 28 U.S.C §§ 1332, 1338(b) and 1367(a).

d.      Unfair competition in violation of California common law with
jurisdiction vested in this Court by virtue of 28 U.S.C § 1332, 1338(b) and 1367(a).

e.      Unlawful competition in violation of Cal. Bus. & Prof. Code § 17200,
with jurisdiction vested in this Court by virtue of 28 U.S.C § 1332, 1338(b) and 1367(a).

2.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Venue is proper in this district by virtue of 28 U.S.C § 1391(b) and 28 U.S.C
§ 1400(a) in that Defendants have sold (or caused to be sold) infringing product in the
Central District and has a location in Santa Fe Springs California in this District.  In
addition, acts of infringement and unfair competition have been committed in this District.

## THE PARTIES

4.      Wheel Pros is a limited liability company duly organized and existing under
the laws of the State of Delaware with its principal place of business located at 5347 S.
Valencia Way, Suite 200, Greenwood Village, Colorado.  Plaintiff maintains operations,
manufacturing, warehousing and sales operations in this district.

5.      Wheel Pros is informed and believes, and on that basis alleges, that Defendant
TIS Industries, LLC. is a Limited Liability Company organized and existing under the laws
of the State of California having its principle place of business located at 11803 Smith Ave,
Santa Fe Springs, California 90670.

6.      Doe Defendants 1 – 25 are entities and individuals who acted jointly and in
concert to commit the acts complained of herein. The Doe Defendants true names and
capacities are presently unknown to Plaintiff but are likely to be obtained through discovery.
Together with Defendant TIS each of the fictitiously named Defendants is responsible in

**COMPLAINT**

some manner for the acts and occurrences alleged in this complaint. Defendant TIS and each of the fictitiously name Defendants proximately caused the damages alleged herein.

## WHEEL PROS HAS EXCLUSIVE TRADEMARK RIGHTS IN THE XD AND STAR DESIGNS

7.     Wheel Pros is the exclusive owner of all rights, title and interest in and to:

a. U.S. Trademark  No. 5,001,689. A true and correct copy of such trademark is attached as Exhibit 1.

b. U.S. Trademark No. 4,286,454. A true and correct copy of such trademark is attached as Exhibit 2.

c. U.S. Trademark No. 4,919,483. A true and correct copy of such trademark is attached as Exhibit 3.

d. U.S. Trademark No. 4,513,500. A true and correct copy of such trademark is attached as Exhibit 4.

e. California Trademark No. 115273. A true and correct copy of such trademark is attached as Exhibit 5.

f. Trademarks Nos. 5,001,689, 4,286,454, 4,476338 ,4,513,500, and CA115273 are sometimes collectively referred to herein as the "trademarks-in-suit".

## CONSUMER RECOGNITION IN WHEEL PROS' XD AND STAR TRADEMARKS IS AN IMPORTANT PART OF WHEEL PROS' SUCCESS

8.     Wheel Pros is a well-known vehicle wheel manufacturer and marketer.  Wheel Pros distributes more than two-dozen brands of high-performance wheels for cars, trucks, and SUVs, including a full line of company-branded wheel products. In addition to one-piece and multi-piece wheels with contemporary styling, Wheel Pros offers a selection of classic wheel styles reminiscent of hot-rod happy days for racecar and drag racing enthusiasts.  It sells to customers in about 30 countries worldwide.

9.     Wheel Pro's sales have been extensive, with a substantial portion of those sales include XD and star designs.

**COMPLAINT**

10. The wheels with a Star and XD marks are widely recognized by consumers as emanating from Wheel Pros, and the distinctive designs on such wheels are key to such extensive consumer recognition.

11. In addition to the basic elements of the Wheel Pros trademarks described above, there are a number of other features which when used in combination with the basic elements serve to identify and reinforce further to consumers that the products are, in fact, products of Wheel Pros or are sponsored by, approved by, or otherwise associated with Wheel Pros.

## WHEEL PROS' XD AND STAR TRADEMARKS
## ARE UNIQUE AND INHERENTLY DISTINCTIVE

12. The trademarks referred to above are inherently distinctive. The XD and Star design trademarks are unique and unusual and no other manufacturer uses them, individually or collectively, to denote source in the automotive industry, as Wheel Pros does.

13. In addition to the inherent distinctiveness of Wheel Pros', XD and Star design trademarks, such trademarks have been marketed so extensively, and have been so favorably received by the public that such trademarks have achieved tremendous consumer recognition in the market place.

14. Wheel Pros' sales success came after expending great amounts of time, effort, and money in the promotion and advertisement of its goods under XD and Star design trademarks. This promotional effort includes extensive internet, social media, and print media advertisements, promotion of products by Wheel Pros personnel, suppliers, dealers, and other promotional events and activities, sponsorships, and the like.

15. The widespread recognition and popularity of Wheel Pros wheels with the XD and Star marks have been unwavering. Wheel Pros popularized the brand through extensive advertising and promotion so that consumers would recognize the trademarks of its wheels.

16. As a result of the widespread and continuous use and promotion of the trademarks described above, such trademarks are well-known throughout the United States

and have become widely known and recognized as identifying Wheel Pros as the source of a variety of products including, without limitation, wheels with the XD and Star trademarks and as distinguishing the source of these goods from those of others. These trademarks have come to and now do represent and symbolize the enviable reputation and very valuable goodwill of Wheel Pros among advertisers, consumers and retail establishments.

17.    The XD and Star design trademarks today are almost universally recognizable within the wheel industry and have one of the most stable and loyal customer bases in the industry.

18.    The aforementioned trademarks represent and symbolize one of the highest quality and most durable wheels in the industry.

## DEFENDANTS HAVE WILLFULLY, INTENTIONALLY AND MALICIOUSLY IMITATED WHEEL PROS' XD AND STAR DESIGN TRADEMARKS

19.    Defendants, their agents, employees and representatives, are aware of Wheel Pros' enviable reputation and goodwill in its XD and star design trademarks.

20.    TIS sells wheels with the logos of its new "star D" logo (Exhibit 6) and Star logo (Exhibit 7).

21.    Both sell wheels and are in the automotive industry.

22.    Defendants advertise, promote and sell their wheels as shown by their website in Exhibits 6 and 7. This is confusingly similiar to Wheel Pros' XD and Star design trademarks-in-suit and Defendants have infringed, and are continuing to infringe on Defendants brand.

23.    The use of Defendant's logos on Defendant's wheels are confusingly similar to Wheel Pros' XD and Star design trademarks for wheels, and are likely to cause confusion, to cause mistake, or to deceive, as to their sponsorship or origin.

24.    Defendants have advertised and promoted, are advertising and promoting, and will continue to advertise, promote and distribute the infringing wheels unless enjoined by this court.

-------------------------------------------------------------------------------- 5--------------------------------------------------------------------------------

**COMPLAINT**

24.     Wheel Pros is further informed and believes, and thereon alleges, that unless enjoined and restrained by the Court, Defendants will manufacture, purchase, import, advertise, promote, offer for sale, sell and/or distribute its infringing wheels.

25.     The advertisements, promotions, sales, distributions and offers for sale of the wheels are causing and will continue to cause a likelihood of confusion, mistake or deception and actual confusion among purchasers of wheels as to the source of those products.  Such advertisements, promotions, sales, distributions and offers for sale are diminishing, and/or will continue to diminish, the distinctiveness and the valuable goodwill and reputation of the Wheel Pros trademarks and are resulting in, and will continue to results in, lost sales of wheels by Wheel Pros.  Such acts will also continue to cause irreparable harm to Wheel Pros.

26.     Defendants have used, are using, and Wheel Pros is informed and believes, and thereon alleges that Defendants will continue to use the trademarks in connection with the wheels, which have created, are creating, and will continue to create a strong likelihood of confusion, mistake, or deception among purchasers of Defendants' goods and with the wheels advertised, promoted, distributed and sold by Wheel Pros.

27.     Defendants' use of trademarks confusingly similar to Wheel Pros' trademarks on or in connection with the promotion, advertising, sale, offering for sale, or distribution of its wheels constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125 (a), because such acts constitute false representations, false descriptions, false designations of origin and cause a likelihood of confusion deception and mistake by the consuming public and the trade, and disparages Wheel Pros' goodwill and reputation.

28.     Defendants' use of trademarks virtually identical to Wheel Pros' distinctive trademarks creates a likelihood that a false and unfair association will be made between Defendant's wheels and the wheels of Wheel Pros so that the purchasing public is likely to believe, that Defendant's wheels are products of Wheel Pros or are associated with, affiliated with or otherwise sponsored by Wheel Pros.

**COMPLAINT**

29.     Defendants' unlawful acts, unless restrained, are likely to continue to cause actual confusion, mistake or deception to the purchasers of Defendant's wheels and Wheel Pros' wheels.

## DEFENDANTS' CONDUCT IS CAUSING IRREPARABLE
## HARM TO WHEEL PROS

30.     Defendants' acts have caused and, unless restrained, will continue to cause Wheel Pros to suffer substantial irreparable damages and injury through, inter alia, a likelihood of confusion, deception and mistake among the relevant purchasing public and the wheel trade as to the source, origin, sponsorship or approval of the goods associated with Wheel Pros' XD and Star design trademarks; and depreciation of Wheel Pros' valuable goodwill and business reputation symbolized by its distinctive trademarks.

31.     Wheel Pros has suffered loss of profits and other damages from the confusion, mistake and deception resulting from the acts of Defendants, and Wheel Pros is informed and believes, and thereon alleges, that Wheel Pros will continue to suffer such damages unless and until Defendants are enjoined and restrained by this Court from engaging in the acts complained herein.

32.     Wheel Pros has no adequate remedy at law, because injury to its reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

## FIRST CLAIM FOR RELIEF – FEDERAL TRADEMARK INFRINGEMENT
### Count 1
### Federal Trademark Infringement of U.S. Trademark No. 5,001,689

33.     Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

34.     Defendants have offered for sale the wheels with infringing "star" marks in the United States through retail outlets infringing on U.S. Trademark No. 5001689 with defendants' new "starD" (Exhibit 6) and Star logos (Exhibit 7).

///

**COMPLAINT**

35.    Defendants have infringed Wheel Pros' star design trademark rights, competed unfairly with Wheel Pros and misappropriated and traded upon Wheel Pros' goodwill and business reputation by falsely representing the source of its wheels as being sponsored by, approved by, or affiliated with Wheel Pros in a manner that is likely to cause confusion among ordinary consumers.

36.    Wheel Pros is informed and believes and thereon alleges, that Defendants are in various ways, through their agents and employees, falsely representing to potential purchasers of their wheels that such goods are affiliated, connected or associated with Wheel Pros by reasons of the infringing use of Wheel Pros' distinctive XD and Star design trademarks.

37.    Defendants are making false and misleading representation by engaging in commercial advertising using trademarks which are virtually identical to Wheel Pros' XD and Star design trademarks.

38.    Defendants are using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Wheel Pros and as to the source, sponsorship or approval of Defendants' goods, services or commercial activities by Wheel Pros.

39.    Defendants' awareness of Wheel Pros' trademarks and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorney's fees.

40.    Wheel Pros is informed, and thereon believes, that Defendants have further made substantial profits to which they are not equitably entitled.

41.    As the result of the foregoing, Defendants are infringing on Wheel Pros' trademarks in violations of the Lanham Act 15 U.S.C. § 1051 et seq.

**Count 2**

**Federal Trademark Infringement of U.S. Trademark No. 4,286,454**

**COMPLAINT**

42.     Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

43.     Defendants have offered for sale the wheels with infringing "star" marks in the United States through retail outlets infringing on U.S. Trademark No. 4286454 with it's new "starD" logo (Exhibit 6).

44.     Defendants have infringed Wheel Pros' star design trademark rights, competed unfairly with Wheel Pros and misappropriated and traded upon Wheel Pros' goodwill and business reputation by falsely representing the source of its wheels as being sponsored by, approved by, or affiliated with Wheel Pros in a manner that is likely to cause confusion among ordinary consumers.

45.     Wheel Pros is informed and believes and thereon alleges, that Defendants are in various ways, through their agents and employees, falsely representing to potential purchasers of their wheels that such goods are affiliated, connected or associated with Wheel Pros by reasons of the infringing use of Wheel Pros' distinctive XD and Star design trademarks.

46.     Defendants are making false and misleading representation by engaging in commercial advertising using trademarks which are virtually identical to Wheel Pros' XD and Star design trademarks.

47.     Defendants are using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Wheel Pros and as to the source, sponsorship or approval of Defendants' goods, services or commercial activities by Wheel Pros.

48.     Defendants' awareness of Wheel Pros' trademarks and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorney's fees.

49.     Wheel Pros is informed, and thereon believes, that Defendants have further made substantial profits to which they are not equitably entitled.

**COMPLAINT**

50.     As the result of the foregoing, Defendants are infringing on Wheel Pros'
trademarks in violations of the Lanham Act 15 U.S.C. § 1051 et seq.
///

## Count 3

### Federal Trademark Infringement of U.S. Trademark No. 4,919,483

51.     Wheel Pros realleges and incorporates herein by reference each and every one
of the allegations contained in each of the above paragraphs as though fully set forth herein.

52.     Defendants have offered for sale the wheels with infringing "star" marks in
the United States through retail outlets infringing on U.S. Trademark No. 4,919,483 with
defendat's new "starD" logo.

53.     Defendants have infringed Wheel Pros' star design trademark rights,
competed unfairly with Wheel Pros and misappropriated and traded upon Wheel Pros'
goodwill and business reputation by falsely representing the source of its wheels as being
sponsored by, approved by, or affiliated with Wheel Pros in a manner that is likely to cause
confusion among ordinary consumers.

54.     Wheel Pros is informed and believes and thereon alleges, that Defendants are
in various ways, through their agents and employees, falsely representing to potential
purchasers of their wheels that such goods are affiliated, connected or associated with
Wheel Pros by reasons of the infringing use of Wheel Pros' distinctive XD and Star design
trademarks.

55.     Defendants are making false and misleading representation by engaging in
commercial advertising using trademarks which are virtually identical to Wheel Pros' XD
and Star design trademarks.

56.     Defendants are using in commerce false designations of origin, false and
misleading descriptions of fact or false or misleading representations of fact which are
likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection
or association of Defendants with Wheel Pros and as to the source, sponsorship or approval
of Defendants' goods, services or commercial activities by Wheel Pros.

**COMPLAINT**

57.     Defendants' awareness of Wheel Pros' trademarks and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorney's fees.

58.     Wheel Pros is informed, and thereon believes, that Defendants have further made substantial profits to which they are not equitably entitled.

59.     As the result of the foregoing, Defendants are infringing on Wheel Pros' trademarks in violations of the Lanham Act 15 U.S.C. § 1051 et seq.

**Count 4**

**Federal Trademark Infringement of U.S. Trademark No. 4,513,500**

60.     Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

61.     Defendants have offered for sale the wheels with infringing "star" marks in the United States through retail outlets infringing on U.S. Trademark No. 4,919,483 with it's new "starD" logo.

62.     Defendants have infringed Wheel Pros' star design trademark rights, competed unfairly with Wheel Pros and misappropriated and traded upon Wheel Pros' goodwill and business reputation by falsely representing the source of its wheels as being sponsored by, approved by, or affiliated with Wheel Pros in a manner that is likely to cause confusion among ordinary consumers.

63.     Wheel Pros is informed and believes and thereon alleges, that Defendants are in various ways, through their agents and employees, falsely representing to potential purchasers of their wheels that such goods are affiliated, connected or associated with Wheel Pros by reasons of the infringing use of Wheel Pros' distinctive XD and Star design trademarks.

64.     Defendants are making false and misleading representation by engaging in commercial advertising using trademarks which are virtually identical to Wheel Pros' XD and Star design trademarks.

**COMPLAINT**

65.     Defendants are using in commerce false designations of origin, false and misleading descriptions of fact or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Wheel Pros and as to the source, sponsorship or approval of Defendants' goods, services or commercial activities by Wheel Pros.

66.     Defendants' awareness of Wheel Pros' trademarks and Defendants' continued infringement makes such infringement willful, entitling Wheel Pros to enhanced damages and an award of attorney's fees.

67.     Wheel Pros is informed, and thereon believes, that Defendants have further made substantial profits to which they are not equitably entitled.

68.     As the result of the foregoing, Defendants are infringing on Wheel Pros' trademarks in violations of the Lanham Act 15 U.S.C. § 1051 et seq.

## SECOND CLAIM FOR RELIEF

### California State Law - Trademark Infringement and Unfair Competition

69.     Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

70.     Defendants have offered for sale the wheels with infringing "star" marks in the United States through retail outlets infringing on California Trademark No. 115273 with defendants' new "starD" and star logos.

71.     Defendants' conduct alleged herein was intended to use Wheel Pros' XD and Star design trademarks in a manner which is likely to confuse and mislead member of the relevant public as to the source, sponsorship, approval or license of Defendants and of certain of Defendants' products, and as to the false association or affiliation of said products with Wheel Pros.  Defendants' conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Wheel Pros sponsored, approved, or is affiliated with Defendants and that Wheel Pros originated, approved or licensed the wheels.

**COMPLAINT**

71.     Defendants' conduct alleged herein infringes Wheel Pros' common law trademark rights, is improper and constitutes common law trademark infringement and unfair competition with Wheel Pros, all of which have damaged and will continue to damage irreparably Wheel Pros' goodwill and reputation unless restrained by this Court, because Wheel Pros has no adequate remedy at law for Defendants' conduct.

## THIRD CLAIM FOR RELIEF

### Violation of State Statutory Unfair Competition Laws

72.     Wheel Pros realleges and incorporates herein by reference each and every one of the allegations contained in each of the above paragraphs as though fully set forth herein.

73.     Defendants have engaged in unfair trade practices within the meaning of the California Business and Professions Code §§ 17200 *et. seq*., by engaging in the acts alleged herein, including:

   a.     Causing a likelihood of confusion or a mistake as to the source, sponsorship, approval or certification of Defendants' goods'

   b.     Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendants' products with Wheel Pros and its goods;

   c.     Representing that some of their goods have sponsorship, approval, characteristics or qualities that they do not have, or that Defendants' wheels have a sponsorship, approval, status, affiliation or connection that they do not, in fact, have;

   d.     Disparaging the goods and business of Wheel Pros by making false and misleading representations of fact; and

   e.     Engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

74.     Defendants' actions alleged herein and their unlawful trade practices are willful and intentional and are likely to cause substantial injury to the public and to Wheel

**COMPLAINT**

Pros, and Wheel Pros, therefore, is entitled to injunctive relief pursuant to California Business and Professions Code § 17203.

## **PRAYER FOR RELIEF**

WHEREFORE, Wheel Pros prays for judgment against Defendants as follows:

1.  A judgment that Defendants' have infringed the trademarks-in-suit;

2.  A judgment that Defendants' infringement of the trademarks-in-suit was willful, intentional and malicious;

3.  That Defendants, and each of their agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation be enjoined and restrained preliminarily and perpetually and permanently from:

    a.  Infringing any of common law trademarks and U.S. Trademarks Nos. 5,001,689, 4,286,454, 4,919,483 and California Trademark 115273;

    b.  Using in any manner any of the Wheel Pros trademarks (including, without limitation, the XD and Star design trademarks), alone or in combination with any word or words, or using any other words, symbol, configurations or designs which so resemble said marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Wheel Pros;

    c.  Attempting to inducing or enabling others to sell any product as a product affiliated with or sponsored by Wheel Pros, which product is not produced under the authorization, control and supervision of Wheel Pros and approved by Wheel Pros for sale under the Wheel Pros trademarks;

    d.  Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' products are associated with, sponsored by, approved by, guaranteed by, affiliated with or produced under the control and supervision or within the authority of Wheel Pros;

    e.  Otherwise competing unfairly with Wheel Pros in any manner;

**COMPLAINT**

f.   Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or inventory bearing any of Wheel Pros' trademarks, (including, without limitation, the XD and Star design trademarks, which materials, goods or inventories were not manufactured by or for Wheel Pros or authorized by Wheel Pros to be used, sold or offered for sale in association with or bearing the Wheel Pros trademarks;

g.   Obtaining, possessing, manufacturing or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the Wheel Pros trademarks and packaging and advertising or display material relating thereto; or

h.   Continuing to perform in any manner whatsoever any infringing acts.

4.     That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the infringing trademarks;

5.     That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the infringing trademarks, alone or in combination with any other words, or any other words or symbols which so resemble the Wheel Pros trademarks as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed or otherwise authorized by Wheel Pros;

**COMPLAINT**

6.     That Defendants be required to deliver immediately to Wheel Pros or its attorneys for destruction any and all disks, tapes, computer graphic files, molds, plates, screens, graphics, matrixes, patterns and any other means of making simulations, reproductions, counterfeits, copies or colorable imitations of the Wheel Pros trademarks and trade dress which are for use on products, containers, packaging, disks, tapes, labeling, advertising and display literature or other material not authorized by Wheel Pros.

7.     That Defendants' be required to supply Wheel Pros or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products, in bulk, in connection with the unauthorized simulation of Wheel Pros' trademarks.

8.     That Wheel Pros be awarded damages against Defendants adequate to compensate Wheel Pros for Defendants' infringement of the trademarks-in-suit;

9.     That all trademark damages against Defendants be trebled on the basis of Defendants' willful infringement of the trademarks-in-suit;

10.     That Defendants be required in accordance with 15 U.S.C. § 1117, to account for and pay to Wheel Pros the following:

a.     Three times all gains, profits, benefits and advantages derived by Defendants and three times all damages suffered by Wheel Pros from the above-described acts of trademark infringement, misrepresentation, unfair trade practices and unfair competition and that such amounts be determined by the Court;

11.     And such other damages as the Court shall deem to be just; and

12.     All costs and attorneys' fees incurred in this action.

///
///
///
///
///
///

**COMPLAINT**

13.     That Defendants be required to pay Wheel Pros punitive and enhanced damages in an amount as the Court may determine for malicious, willful, intentional, deliberate and tortious conduct of Defendants.

14.     Any other and further relief as the Court may deem just and proper.

October 28, 2016                              BURNS & SCHALDENBRAND

By /s/ Edward W. Burns

EDWARD BURNS, ESQ.
Attorney for Wheel Pros, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Wheel Pros, LLC hereby demands a jury trial on all issues in the Complaint so triable.

Dated:  October 28, 2016                      BURNS & SCHALDENBRAND

By /s/ Edward W. Burns

EDWARD BURNS, ESQ.
Attorney for Wheel Pros, LLC

**COMPLAINT**